UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 23-cr-237 CJN |
| ) | |
| NATHAN EARL HUGHES ) | |
| ) | |
| Defendant ) | |

# DEFENDANT NATHAN HUGHES' MOTION TO COMPEL DISCOVERY

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

NOW COMES, Defendant Nathan Hughes by and through his undersigned counsel of record, William L. Shipley, and respectfully requests this Court to enter an Order compelling the United States to produce pursuant to Rule 16 the discovery outlined below.

During the trial in <u>United States v. Kenyon</u>, 23-cr-101-ABJ, on March 11, 2024, government witness USCP Lt. Frederick Hopkins testified that Capitol was closed to the public pursuant to COVID-19 protocols in January 2021.  In addition, because of the normal heightened security posture that always is in place for the January 6 Joint Session of Congress to certify the Electoral College vote count, any member of the media on the Capitol grounds or inside the Capitol building to cover that proceeding had to apply in advance to be admitted to the Capitol that day, vetted for security purposes, and then given specific instructions as to where they were to go prior to the beginning of the Session to gain admittance into the building or otherwise on the grounds. Lt. Hopkins also testified that the approved list of all members of the media to be allowed onto the grounds or inside the Capitol on January 6 is a record of the USCP.

Defendant Hughes is a freelance independent journalist, with a history of reporting on political rallies, demonstrations and protests going back to 2017. He has received income and licensing fees for access to video footage captured by him.  He had also developed a sizeable following on Facebook from his writings about the events he documented.  This led him to be a frequent on-air guest for various online and over-the-air media outlets, during which he provided his first-hand observations of events he observed while attending

these rallies, demonstrations and protests. Mr. Hughes covered the events of January 6 in this same fashion, and posted his observations on various social media and online news websites.

Upon the conclusion of the <u>Kenyon</u> trial, undersigned counsel contacted Government Counsel in this case, Sean McCauley and Kaitlin Klamann, and informally requested from them the following information under Rule 16:

1. The list of approved media members as described by Lt. Hopkins with respect to the Joint Session on January 6, 2021.

2. A list of individuals on the grounds and/or inside the Capitol who have been identified in the DOJ/FBI/USCP investigation as members of the media -- both those employed by media companies as well as those who work as a freelance journalist – but who were not on the pre-approved list identified by Lt. Hopkins.

Three days after the request was made, the following email communication was received by the undersigned counsel with regard to the requested discovery:

> After consulting with our team, this is something that we'll need to take up with the court. We are not going to be producing this list without more to show that it would be material to preparing Mr. Hughes' defense.

Currently, undersigned is considering filing a motion to dismiss the indictment against Defendant Hughes on the basis of impermissible "selective prosecution" because of Mr. Hughes' exercise of this First Amendment rights as a freelance journalist.

A member of the USCP has testified under oath – and was cross-examined by the undersigned counsel – regarding the existence of an official record maintained by the USCP that is relevant to the issue of the presence of authorized media members who were pre-approved to be on the grounds and inside the Capitol on January 6, 2021.

To the extent that the Government has identified members of media companies or freelance journalists on the grounds or inside the Capitol who were NOT on the pre-approved list, Mr. Hughes has a legitimate basis to be provided that evidence in order to determine whether a motion to dismiss is warranted based on his disparate treatment relative to other identified media members who have not been charged in the more than three years since the events.

Rule 16 requires the government to disclose certain information upon the defendant's request. Fed.R.Crim.P. 16(a)(1).  Specifically, Rule 16 provides for the pretrial disclosure by the government of five types of documents: (1) the defendant's oral, written or recorded statements; (2) the defendant's prior criminal record; (3) certain documents and objects "within the government's possession, custody, or control;" (4) reports of examinations and tests; and (5) a summary of testimony from an expert witness that the government will rely upon. Fed.R.Crim.P. 16(a)(1)(A)— (G).

Here, the request made by Defendant Hughes concerns the third category under Rule 16(a)(1)(E).  This exact language of this provision of the rule provides, in part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (I) the item is material to preparing the defense...

"'The language and the spirit of the Rule are designed to provide to a criminal defendant, in the interest of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid him in presenting his side of the case.'" *United States v. Libby*, 429 F.Supp. 2d 1, 5 (D.D.C. 2006)(quoting *United States v. Poindexter*, 727 F.Supp. 1470, 1473 (D.D.C.1989).

A motion to dismiss for government misconduct/selective prosecution is certainly "material to preparing the defense" of Mr. Hughes.

A representative of the "Prosecution Team" – which includes the USCP – has testified under oath that a relevant record exists. That record has not been produced in discovery notwithstanding a precise request that the Government do so.

That Mr. Hughes was a freelance journalist for several years prior to January 6, 2021, is also not disputed.

The contemplated motion to dismiss cannot be completed in such a way that would establish a foundation for a claim of disparate treatment based on unconstitutional grounds -- i.e., the content of his First Amendment activities before and after January 6 -- without information that is certainly possessed by the Government.

The Government will have an opportunity to respond to the motion at the appropriate juncture if the motion is filed.

But the Government should not be allowed to prevent the inquiry from being joined by refusing to produce documents and data in its possession that are necessary and relevant to the preparation of such a motion in the first instance.

In addition to an Order compelling the production of the requested discovery, Defendant Hughes also requests an extension of time to file a motion to dismiss based on selective prosecution, and requests that such motion not be due until 21 days after the Government has produced the discovery that is the subject of this motion.

Dated: March 22, 2024					Respectfully Submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*