UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 23-cr-237 CJN |
| | ) | |
| NATHAN EARL HUGHES | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT NATHAN HUGHES' MOTION TO CONTINUE TRIAL**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

NOW comes Defendant Nathan Hughes by and through his counsel of record, William L. Shipley, Jr., and respectfully files this motion to continue trial currently set to begin July 29, 2024.

On June 12, 2024, counsel for the Government informed the undersigned counsel that the Government would be obtaining a Second Superseding Indictment against Defendant Hughes. At that time trial was set to begin in this matter only 33 days later, on June 15, 2024.

On June 27, 2024, undersigned counsel received the CM/ECF notice and copy of the Second Superseding Indictment – only 18 days prior to the scheduled trial date.  In the new indictment, the Government amended Count 2 by including "Officer M.M."  -- of the U.S. Capitol Police -- as the previously unidentified victim.  The previous Superseding Indictment referred only to an Officer with the Metropolitan Police Department.

Defendant Hughes was originally arrested on August 30, 2023 – 32 months after the events for which he was charged.

Discovery in the case shows that the Government identified Defendant Hughes as early as May 2021 – 28 months prior to him being charged on August 31, 2023.

It has now been 10 months since Hughes was originally indicted for the Government to identify USCP Officer M.M. as the victim in Count 2.

Pursuant to 18 U.S.C. Sec. 3161(c)(2), when a new charge is introduced via a superseding indictment, trial shall not commence less than 30 days following the return of an indictment containing the new charge absent a written waiver by the defendant.

In this case, while the Government did not add any "new" charge, it has made a substantive change in the indictment – and has produced a volume of discovery in the form of Jencks statements and other material based on the identification of USCP Officer M.M. with regard to Count 2.

But the problem is that this was not a new discovery by the Government as suggested by the 11th hour Second Superseding Indictment. Officer M.M. has been known to the Government – including what is alleged to have happened to him inside the Lower West Terrace tunnel -- since only weeks following the riot on January 6. Officer M.M. has testified in at least one other trial, as well as at sentencing hearing(s), and his information has been put before various grand juries – all of which is now known to counsel for Mr. Hughes based on the most recent discovery provided by the Government.

As a few examples – but not an exhaustive list – the discovery materials and Jencks statements show:

Feb. 10, 2021:  FBI 302 of interview where Off. M.M. says he was wearing a MPD helmet he picked up off the ground and describes being dragged from the tunnel into the crowd.

April 15, 2021:  FBI 302 of interview where Off. M.M. says he was wearing a MPD helmet he picked up off the ground and describes being dragged from the tunnel into the crowd.

Sept. 22, 2022: Victim-impact testimony at sentencing in *United States v. Young* before Judge Jackson.

July 5, 2023:  Off. M.M. was interviewed by AUSA Klamann -- uncertain whether in connection with this or some other case.

June 4, 2024:  FBI 302 of interview of Officer M.M. with AUSA Klamann present and participating.

There is also 44 pages of undated trial transcripts with testimony by Officer M.M. in an unidentified trial with AUSA Dreher – uncertain as to whether Will or Adam – conducting the direct examination for the Government.

June 27, 2024:  GJ testimony regarding the identity of Off. M.M. as the victim named in Count 2.

Trial in this matter is now set to begin July 29, 2024 – 32 days after the return of the newest indictment, and the Government has indicated that if the matter is continued beyond mid-September 2024, new prosecutors will have to be assigned for trial due to the current prosecutors' scheduled departure from the detail.

With no disrespect intended to the current counsel for the Government, this is now a single-defendant case to be tried as a bench trial.  Any modestly experienced federal prosecutor would be able to put on the government's evidence in this case with a week of preparation time.  There is no meaningful prejudicial harm to the government by the need for it to assign a new prosecutor – even a single prosecutor – to become familiar with this case for purposes of trial over a period of 3 months.   Any suggestion to the contrary is counterfactual to the experiences of all who are recipients of this filing.

This is no longer just an issue involving the benefit to the mental well-being of Mr. Hughes.  This is now a matter of fairness and due process with regard to trial preparation where, as is the case here, the Government has made a material change to the allegations of Count 2 less than one month

before the previously set trial date. But the newly included information was not newly discovered – it is information the Government has possessed for 42 months, and comes after having waited 32 months to first bring an indictment against Mr. Hughes.

    Defendant Hughes respectfully requests a status conference at the earliest possible date available on the Court's calendar to consider this motion.

Dated: July 17, 2024                    Respectfully submitted,

                                    William L. Shipley, Jr., Esq.
                                    PO BOX 745
                                    Kailua, Hawaii 96734
                                    Tel: (808) 228-1341
                                    Email: 808Shipleylaw@gmail.com