UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No: 23-CR-237 (CJN) |
| : | |
| NATHAN EARL HUGHES, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S SECOND MOTION TO CONTINUE THE TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its opposition to defendant Nathan Hughes's second Motion to Continue the Trial Date. ECF No. 165. The defendant moves again to continue the trial date claiming he has been prejudiced by the government's late disclosure of a trial witness's name. For the reasons set out below, the defendant has utterly failed to identify any actual prejudice he will suffer or has suffered as a result of the superseding indictment and his motion should be summarily denied.

**PROCEDURAL HISTORY**

The defendant was charged via criminal complaint on August 18, 2023. ECF No. 56. He was arrested on August 30, 2023. ECF No. 69. He was added to an existing four-defendant case via a second superseding indictment on September 13, 2023. ECF No. 71. Count Two of the second superseding indictment charged him with assaulting, resisting, or impeding certain officers, in violation of Title 18, United States Code, Section 111(a)(1). *Id.* In relevant part, Count Two charged that he assaulted, resisted or impeded an officer and employee of the United States and any person assisting such an officer and employee, "that is, an officer from the Metropolitan Police

1

Department." *Id.* This language was sought as part of the indictment based on video evidence depicting the defendant assaulting an officer wearing an "MPDC" helmet.

From September through November of 2023, the government made three productions of Rule 16 discovery to the defendant which included the video evidence of the defendant's assault inside the tunnel. On November 22, 2023, a trial was scheduled for July 15, 2024. On February 14, 2024, the Court entered a pretrial scheduling order that included: (1) a deadline of June 10, 2024, to disclose grand jury and Jencks Act materials; and (2) a deadline to file a Joint Pretrial Statement that included a list of possible witnesses. ECF No. 111.

In late May 2024, in preparation for the trial in this matter, undersigned counsel reviewed the video evidence and determined, based on prior case work, that the previously unidentified victim of the defendant's assault as charged in Count Two may be Officer M.M., formerly with the United States Capitol Police, but who was known to be wearing an MPD helmet on January 6, 2024. The government interviewed Officer M.M. to confirm he was the defendant's victim on June 4, 2024. Shortly thereafter, on June 7, 2024, the government informed defense counsel of its intent to seek a superseding indictment to identify the previously unidentified victim and correct his associated law enforcement agency.

On June 10, 2024, consistent with the Court's scheduling order, the government provided the defense with grand jury and Jencks Act disclosures for all potential trial witnesses, including materials for Officer M.M. On June 26, 2024, the government provided the defense with its draft joint pretrial statement, which included Officer M.M. as part of its witness list.[1] On June 27, 2024, the grand jury returned the third superseding indictment, which included an amended Count Two

---

[1] The government has yet to receive any of the defendant's materials which were required by the Court for the joint pretrial statement.

to identify the victim, Officer M.M., and corrected his associated agency to the United States Capitol Police. ECF No. 150.

## ARGUMENT

There are several reasons why the return of the superseding indictment has not prejudiced the defendant and does not warrant a continuance of the trial date. The "material change" (ECF No. 165 at 4) that the defendant claims was made to the indictment was to add an identifier to the previously unidentified victim and remove the Metropolitan Police Department and replace it with the United States Capitol Police. The defendant has not indicated how this change impacted his ability to prepare for trial. In the absence of such a showing, his motion should be denied.

As an initial matter, the identity of a victim of a charged assault is not required to be disclosed in an indictment. *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient."). Thus, the government was under no obligation to identify the victim prior to the deadlines for witness lists and the production of material pursuant to the Jencks Act. In fact, it's entirely common for parties to be unaware of an opposing parties' witnesses until these deadlines. The government's failure to include Officer M.M. in the indictment earlier is not in any way prejudicial to the defense and the government was under no obligation to identify Officer M.M. at all.

The defendant also claims that the government produced a "volume" of discovery relating to Officer M.M., apparently implying he and his counsel do not have sufficient time to review the materials before the July 29 trial. But that is simply not the case. All video evidence depicting the assault was previously provided to the defense more than six months ago. The only "new materials" provided to the defense regarding Officer M.M. have been Jencks materials and those

3

materials were far from voluminous: the defense was given 15 PDFs.[2] Additionally, any claim that the defense has insufficient time to review these materials is simply not credible given the fulsome summary of those same materials the defendant provided for the Court in his motion. *See* ECF No. 165 3-4. The defendant's summary of the materials makes clear that his counsel has already reviewed the materials in detail, with ten days left until trial begins.

The defendant has not suffered any prejudice when he was provided Jencks materials by the Court's deadline and well in advance of the time required by statute. In fact, in abiding by the Court's June 10 deadline for production of Jencks material, the government produced Officer M.M.'s materials seventeen days *prior* to the return of the superseding indictment. Thus, the production of Officer M.M.'s Jencks material was not, in any way, affected by the return of the superseding indictment.

The defendant also seems to argue that he is prejudiced because "Officer M.M. has been known by the Government" for some time. ECF No. 165 at 3. It is true that the government identified Officer M.M. as being one of at least four officers to have been dragged by the mob into the crowd while defending the Lower West Terrace tunnel. It is not true that the government had previously identified him as a victim of the criminal acts of Nathan Hughes on that day. Regardless, even if the government had known that Officer M.M. was Hughes' victim for a significant period of time before disclosure of Jencks materials, that would not change the analysis. The defendant does not (and cannot) point to any rule or legal precedent that states the government was under an obligation to identify Officer M.M. earlier in the case. Nor does the defendant claim he would have done anything differently had he been aware of Officer M.M.'s identity earlier.

---

[2] In preparing this response, the government discovered one additional trial transcript it had not previously disclosed to the defense and promptly provided it.

Under these circumstances, the defendant has failed to show any prejudice suffered by him from the return of the third superseding indictment and the Court should deny defendant's second motion to continue this trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   *s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
Illinois Bar No. 6316768
601 D Street NW
Washington, D.C. 20530
Kaitlin.klamann@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov