**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Case No: 23-CR-237 (CJN)** |
| **v.** | : | |
| | : | |
| **NATHAN EARL HUGHES,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S PROPOSED LEGAL INSTRUCTIONS**

Pursuant to the Court's oral request at the July 8, 2024 pretrial conference, the government hereby proposes the following legal instructions:

**Count One: 18 U.S.C. § 231(a)(3) and 2 – Civil Disorder and Aiding and Abetting**

Count One charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count One also charges the defendant with aiding and abetting others to commit that offense.

*Elements*

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

*Definitions*

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[1]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[2]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term

[1] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[2] *See* 18 U.S.C. § 232(3).

"instrumentality" includes any other formal entity through which the government operates, such as the United Sates Capitol Police.[3]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[4]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant

[3] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[4] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

did, said, or perceived.[5]

*Aiding and Abetting*[6]

In this case, the government further alleges that the defendant committed obstructing officers during a civil disorder as charged in Count One, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstructing officers during a civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

---

[5] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7) (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

[6] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

First, that others committed obstructing officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the

offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed officers during a civil disorder or aided and abetted obstructing officers during a civil disorder. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in either one of these two ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other way.

**Count Two: 18 U.S.C. § 111(a)(1) – Assaulting, Resisting or Impeding Officers**

Count Two of the Indictment charges the defendant with assaulting, resisting, or impeding Officer M.M an officer or an employee of the United States who was then engaged in the performance of his official duties which is a violation of federal law.

*Elements*

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer M.M., an officer from United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer M.M. was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant made physical contact[7] with Officer M.M. or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

*Definitions*

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[8]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to

---

[7] This Court has held that physical contact with an item in an officer's hand, such as a baton, is sufficient to show physical contact for purposes of 18 U.S.C. 111(a). *See United States v. Harris*, 21-cr-189 (CJN) (Transcript of Closing Arguments and Bench Verdict, Jun. 14, 2023, at 100).

[8] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases). For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[9]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact,[carrying out an official duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[10]

**Count Three: 18 U.S.C. § 1752(a)(1) – Entering or Remaining In A Restricted Building or Grounds**

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

[9] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).

[10] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

*Elements*

In order to find the defendant guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[11]

*Definitions*

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

[11] Section 1752 requires proof that the defendant knew that an area was posted, cordoned off, or otherwise restricted, and knew that he or she lacked lawful authority to be in that area. The government's position is that Section 1753 does not require proof that the defendant knew of the presence of a U.S. Secret Service protectee within the restricted area. *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12). Several other courts in this district have similarly held that knowledge of a protectee's presence in the restricted area is not required. *See United States v. Easterday*, 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4-5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Kenyon*, No. 23-cr-101 (ABJ), (Mar. 12, 2024); *United States v. Ibrahim*, No. 21-cr-496 (TJK) (Apr. 16, 2024); *United States v. Smith,* No. 23-cr-71 (RDM), Trial Tr. at 82-97 (May 10, 2024); *United States v. Nester*, 22-cr-183 (TSC) (D.D.C. Mar. 5, 2024); Trial Tr. at 1199–1200; Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022). Some courts in this district have come to the opposite conclusion, but, in the government's view, those opinions came to the wrong result. *See* Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023). The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[12]

**Count Four: 18 U.S.C. § 1752(a)(2) – Disorderly Or Disruptive Conduct In A Restricted Building Or Grounds[13]**

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

*Elements*

In order to find the defendant guilty of this offense, the government must each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the

---

[12] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

[13] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Definitions*

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[14] Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[15]

Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[16]

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[17] This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity. Whether

---

[14] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[15] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]t is . . . clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))).

[16] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[17] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024).

particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.[18]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Counts Three and One, respectively.

**Count Five: 40 U.S.C. § 5104(e)(2)(E) – Impeding Passage Through the Capitol Grounds or Buildings**

Count Five of the Indictment charges the defendant with obstructing or impeding passage through the Capitol Building or Grounds, which is a violation of federal law.

*Elements*

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant obstructed or impeded passage through or within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

*Definitions*

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" includes the area depicted in Government's Exhibit 412.

The term "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that

[18] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting").

the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[19]

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: *s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
Illinois Bar No. 6316768
601 D Street NW
Washington, D.C. 20530
Kaitlin.klamann@usdoj.gov

SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

[19] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).