

**Law Offices of William L. Shipley, Jr.**
Tel: (808) 228-1341
Email: 808shipleylaw@gmail.com

**August 5, 2024**
**From: William L. Shipley, Attorney for Defendant Nathan Hughes**
**To:   Hon. Carl J. Nichols, U.S. District Judge**
**      AUSA Sean McCauley**
**      AUSA Kaitlin Klamman**

   Re: Change of Plea—<u>United States v. Hughes</u> 23-cr-00237-CJN

Defendant Nathan Hughes is charged in the Second Superseding Indictment as follows:

   Count One:  18 U.S.C. Section 231(a)(3) – Civil Disorder.

   Count Two:  18 U.S.C. Section 111(a) – Assault, impede, interfere, etc., with a federal law enforcement officer.

   Count Three:  18 U.S.C. Section 1752(a)(1) – Entering and remaining in a restricted building or grounds.

   Count Four:  18 U.S.C. Section 1752(a)(2) – Disorderly or disruptive conduct in a restricted building or grounds.

   Count Five:  40 U.S.C. Section 5104(e)(2)(E) – Impeding passage through the Capitol.

   On August 6, 2024, the day set for trial in this matter, defendant Hughes intends to plead guilty to Counts One, Two and Five without an agreement with the Government. The Government has indicated in written communications

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 2

that should the Defendant enter such pleas of guilty, the Government will dismiss Counts Three and Four.

1. <u>Factual Basis For Guilty Pleas To Counts One, Two, and Five</u>.

On January 6, 2021, at approximately 3:15 p.m., Nathan Hughes entered the Lower West Terrace Tunnel on U.S. Capitol Grounds. Officers from the U.S. Capitol Police and the District of Columbia's Metropolitan Police Department, in the performance of their official duties, had established a police line in the tunnel and were attempting to prevent a large mass of individuals from entering the U.S. Capitol Building through a non-public entrance. While inside of the tunnel, Hughes joined the crowd in synchronized pushing against the police line. Hughes was intermittently engaged in synchronized pushing with other individuals against police for approximately three minutes.

At 3:18 p.m., Hughes assisted others in passing an MPD shield away from the police line, over the top of the heads of the other individuals in the crowd. As police were regaining control of the tunnel and pushing unauthorized individuals out, Hughes forcibly grabbed a shield held by Capitol Police Officer M.M. Hughes was pushed out of the tunnel at approximately 3:19 p.m.

The defendant admits that he knowingly committed an act with the intended purpose of obstructing, impeding, and interfering with one or more law enforcement officers through his course of conduct on January 6, 2021, including his pushing in concert with others inside the Lower West Terrace

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 3

tunnel, and assisting others in passing police equipment to the rear and out of the tunnel. The defendant further admits that, at the time of his act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder. The defendant further admits that the civil disorder obstructed, delayed, and adversely affected commerce or the movement of any article or commodity in commerce, and the conduct or performance of any federally protected function.

As a result of engaging in the above conduct, Hughes impeded passage through and within the Capitol Building or grounds.

The above-stated factual basis was provided to the Government, and revisions thereto were agreed upon by the parties. But the factual basis is offered for the purposes set forth herein by Defendant Hughes alone, and the Government does not necessarily concur with each and every representation set forth above. Both parties reserve the right to address/contest additional factual matters regarding both "offense conduct" and "relevant conduct" as part of the sentencing process.

2. <u>Elements of the Offenses To Which Mr. Hughes Is Pleading Guilty.</u>

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 4

Count One charges the defendant with obstructing law enforcement officers during a civil disorder in violation of 18 U.S.C. Sec. 231(a)(3).

The elements of this offense are as follows:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

"Civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia. The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United States Capitol Police.

For the U.S. Capitol Police Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 5

Grounds, and enforcing federal law and D.C. law in those areas.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

Count Two charges the defendant with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties, in violation of 18 U.S.C. Sec. 111(a).

The elements of this offense are as follows:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant made physical contact with that officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case,
the threat must be a present one.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 6

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

Count Five Charges the defendant with unlawfully impeding passage through the Capitol.

The elements of that offense are as follows:

First, the defendant obstructed or impeded passage through or within, the Grounds or any of the Capitol Buildings;

Second, the defendant did so knowingly; and

Third, the defendant did so willfully.

3. <u>Potential Penalties</u>

Mr. Hughes understands that a violation of 18 U.S.C. § 231(a)(3) carries a maximum sentence of 5 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Mr. Hughes understands that a violation of 18 U.S.C. § 111(a)(1) carries a maximum sentence of 8 years; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, Mr. Hughes agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

Mr. Hughes also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, Guidelines Manual (2023)

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 7

(hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

Further, Mr. Hughes understands that, if he has two or more convictions for a crime of violence or felony drug offense, he may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

Mr. Hughes understands that a violation of 40 U.S.C. § 5104(e)(2)(E) carries a maximum sentence of six (6) months of imprisonment; a fine of $5,000, pursuant to 18 U.S.C. § 3571(b)(6); or a term of probation not to exceed five years; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### DEFENDANT'S ACKNOWLEDGMENT

I have read every page of this document and have discussed it with my attorney, William Lee Shipley, Jr. I fully understand the contents of this document and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to

William Shipley Jr., Esq.
Re: Change of Plea United States v. Hughes 23-cr-00237-CJN
August 5, 2024
Page 8

understand this document fully. I am pleading guilty because I am in fact guilty of the offense(s) identified herein.

No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth herein. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 8-6-24

NATHAN HUGHES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the author of this document, and have reviewed the matters set forth here in with my client, Nathan Hughes. These pages accurately and completely set forth the intentions of my client. I concur in my client's desire to plead guilty as set forth herein.

Date: 8/6/24

William Lee Shipley, Jr.
Attorney for Defendant