UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-CR-237 (CJN) |
| | : | |
| NATHAN EARL HUGHES, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO CONTINUE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Nathan Earl Hughes' fourth motion to continue proceedings in this case. ECF 208. On August 6, 2024, the defendant pled guilty to Counts One, Two, and Five of the Third Superseding Indictment, respectively charging violations of 18 U.S.C. § 231(a)(3), 18 U.S.C. § 111(a)(1), and 40 U.S.C. § 5104(e)(2)(E). That same day, the Court set a sentencing hearing for November 15, 2024. On October 30, 2024, the defendant moved, with consent of the government, to continue his sentencing hearing on the basis that his fiancée was due to give birth on November 15, 2024. *See* ECF 194. Sentencing is now set for December 16, 2024. Minute Order, October 31, 2024.

On November 11, 2024, the defendant moved to vacate all dates and hearings in this case until the week of February 2, 2025, based on the government's filing of a motion to vacate the briefing scheduled in *United States v. Trump*, 23-cr-257 (TSC), and President-elect Trump's statements during his presidential campaign that "he intended to issue pardons, sentence commutations, order the dismissal of pending cases, and in other ways bring an end to the Department of Justice's prosecutorial endeavors regarding the events of January 6, 2021," ECF 197, which the government opposed, ECF 198, and the Court denied, Minute Order, November

14, 2024.  On December 6, 2024, the defendant filed under seal a third motion to continue his sentencing, ostensibly for reasons separate from those set forth in his November 11 motion, ECF 204, which the government has also opposed, ECF 207.  The defendant has now filed a fourth motion to delay the proceedings in this case. This time he argues that such delay is warranted because of (1) President Biden's pardon of Hunter Biden and (2) additional statements by President-elect Trump that he "intends to provide some form of relief to individuals such as Mr. Hughes, convicted in connection with the events of January 6, 2021." ECF 208.  The Court should deny this motion, as it is nothing more than a baseless attempt by the defendant to avoid sentencing for his criminal conduct and sets forth no legitimate basis for further delay.

Following a conviction, a court "must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Despite his repeated attempts to put off his sentencing, the defendant has offered no legal justification or good cause for further delay. *First*, the defendant's citation to the pardon of Hunter Biden is inapposite. That case lacks any connection to the offenses for which the defendant has been convicted and the executive's exercise of the pardon power with respect to one criminal defendant has no bearing on another defendant's conviction. *Second*, the purported "development" regarding the President-elect's December 8, 2024, interview does not change speculative nature of the defendant's hope for a pardon or other form of clemency.[1] *See United States v. Rodgers*, 23-cr-330 (TNM), Dec. 10, 2024, Minute Entry (denying motion to continue trial based on nearly identical arguments regarding the pardon of Hunter Biden and the President-elect's December 8 interview).

---

[1] Indeed, this Court denied an oral motion by Mr. Hughes' counsel to continue sentencing based on statements made in the December 8, 2024, interview in *United States v. Winegeart,* 22-cr-301 (CJN).

2

The only basis for the defendant's request—that he may receive a pardon at an unspecified date and thus prefers not to be sentenced—is speculative. The criminal justice system cannot operate on such uncertainty. Indeed, it is neither a court's role or function to speculate about any president's pardon decisions, nor is it appropriate to halt the normal functioning of criminal procedure based solely on that speculation. *See United States v. Connell, et al.*, 21-cr-84 (PLF), ECF 157 ("Whatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution."); *United States v. Lichnowski*, 23-cr-341 (RBW), ECF 73 (denying defendant's motion to continue her sentencing until after President-elect Trump's inauguration because "the potential future exercise of the discretionary pardon power, an Executive Branch authority, is irrelevant to the Court's obligation to carry out the legal responsibilities of the Judicial Branch"); *United States v. Grillo,* 21-cr-690 (RCL), ECF 145 at 2 (Courts "do not shirk from [their constitutional duties] or indefinitely delay proceedings because of a lurking possibility of a presidential pardon after the conclusion of judicial proceedings.") And it goes without saying that a defendant's preference not to be sentenced cannot serve as a good basis to delay that sentencing, as it is difficult to believe that any criminal defendant is particularly eager to be sentenced. Indeed, the relief that the defendant seeks by delaying his sentencing is, in effect, another form of clemency: a reprieve. *See* 67A C.J.S. Pardon & Parole § 3 ("A reprieve is the postponement of the execution of a sentence.").[2]  And reprieves are, like pardons, reserved to the Executive. *See* U.S. Const. Art. 2,

---

[2]  *Id*. ("A reprieve is ordinarily an act of clemency and is extended to a prisoner in order to afford the prisoner an opportunity to procure some amelioration of the sentence which has been imposed. [...] Generally, the power to pardon includes the power to reprieve. By constitutional provisions, the power to reprieve is expressly vested in the executive[.] [...] Moreover, the vesture of the power to grant reprieves in a state's chief executive is exclusive of all other departments of the

Sec. 2 (" . . . he shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment."); *see also United States v. Jenkins*, 141 F. Supp. 499, 505 (S.D. Ga. 1956) ("The United States Constitution, Article 2, Section 2, provides that only the President may compromise a criminal judgment by granting reprieves and pardons for offenses against the United States. This subject is fully developed in 19 Opinions of the Attorney General, 344.").

To be clear, this Court may possess inherent authority to delay a defendant's sentencing based on *good cause* without intruding on the Executive's reprieve powers,[3] but that is not the basis of the defendant's request nor has he  demonstrated any such good cause here.  Far from it, he seeks this Court grant him, essentially, preemptive judicial grace *now* through a stay in the hopes of an act of Executive grace *later*. But that ungrounded request demonstrates the impropriety of any such act. "The President's clemency power is not only expansive, but also exclusive. Neither the legislative nor the judicial branches can exercise or alter it."  *Rosemond v. Hudgins*, 92 F.4th 518, 525 (4th Cir. 2024).  If a future Executive cannot, today, grant a pardon, this Court cannot expand the temporal grace that Executive may or may not extend in the future to the affect the present,[4] as the defendant seeks. *See also Kelvington v. Presidential Pardon & Parole Attorneys*, 211 F.2d 642, 644, (D.C. Cir. 1954) (recognizing that "[t]he pardoning power is one which the Constitution expressly vests in the President," other courts of appeals have concluded that it must

---

state[.] […] It is a power and a duty entrusted to the executive's judgment and discretion, which cannot be interfered with, and of which the executive cannot be relieved.").

[3] *See United States v. Roskovski*, No. 2:19-cr-106 - 1, 2021 U.S. Dist. LEXIS 149198, at *2 (W.D. Pa. Aug. 9, 2021) ("Inherent in the authority to allow a defendant the opportunity to voluntarily surrender to the BOP to begin serving a sentence is the authority to delay the date on which a sentence may commence for good cause and within reasonable limits.").

[4] If anything, such an expansion would improperly tread on the powers of the current Executive.

"be free of judicial control"); *see also Hawkins v. United States*, 14 F.2d 596, 598 (7th Cir. 1926) ("In fixing judgment [a court] has no right to take into consideration these elements, and could not justify so doing any more than it could a stipulation in the judgment that no pardon or commutation shall ever be granted. *These are matters for the legislative or executive department, and should have no place or influence in fixing sentence and judgment.*") (emphasis added). This Court should therefore proceed with sentencing as scheduled, as there is no non-speculative reason for delay, much less good cause of legal justification. Fed. R. Crim. P. 32(b)(1); *see also Strunk v. United States*, 412 U.S. 434, 439 n.2, 93 S. Ct. 2260, 2263 (1973) ("It can also be said that an accused released pending trial often has little or no interest in being tried quickly; but this, standing alone, does not alter the prosecutor's obligation to see to it that the case is brought on for trial. The desires or convenience of individuals cannot be controlling. The public interest in a broad sense, as well as the constitutional guarantee, commands prompt disposition of criminal charges.").

In sum, the defendant should not be spared from the normal course of criminal procedure based on his speculative hopes and desires that he may later benefit from a potential pardon. Because the defense has not cited good cause to delay the reporting date, the Court should sentence the defendant without any further delay on December 16, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW

5

Washington, DC 20530
Sean.McCauley@usdoj.gov