UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | No. 23-CR-237 (CJN) |
| : | |
| **NATHAN EARL HUGHES,** : | |
| : | |
| **Defendant.** : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO STAY ENTRY OF JUDGMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Nathan Earl Hughes' motion to stay entry of the judgment in this case. ECF 216. In the past five weeks, the government has repeatedly set forth the procedural history of this case. *See* ECF 198 at 1-2; ECF 207 at 1-2 (filed under seal); ECF 215 at 1-2. The government incorporates those detailed procedural histories by reference and only sets forth the procedural developments since our last filing. On December 16, 2024, this Court sentenced the defendant to 25 months' incarceration, 36 months' supervised release, and a $5,000 fine. Minute Entry, 12/16/2024. At the conclusion of the sentencing hearing, the defendant orally moved to stay the entry of the judgment in this case and the Court ordered him to file a written motion on this issue by December 18, 2024, *id.*, which he did, ECF 216. The government now responds.

The basis for the defendant's request to delay this latest procedural step in his case has not changed since the last time that he made such a request: his request to stay entry of the judgment is based on 1) statements made by the President-elect about potential clemency generally in the January 6 context, and 2) the current President's pardon of his son. *See* ECF 216 at 3; *compare*

ECF 208 at 2-3 (moving to continue sentencing on the same grounds). These reasons remain an insufficient basis to delay proceedings in this case.

*First*, the defendant's citation to the pardon of Hunter Biden remains inapposite. *See* ECF 215 at 2. That case lacks any connection to the offenses for which the defendant has been convicted and the executive's exercise of the pardon power with respect to one criminal defendant has no bearing on another defendant's conviction. *Second*, as the government has previously stated, *see id.*, the defendant's hope for a pardon or other form of clemency remains nothing more than speculation. *See United States v. Rodgers*, 23-cr-330 (TNM), Dec. 10, 2024, Minute Entry (denying motion to continue trial based on nearly identical arguments regarding the pardon of Hunter Biden and the President-elect's December 8 interview).

The Court is required to enter the judgment. Fed. R. Crim. P. 32(k) ("The judge must sign the judgment, and the clerk must enter it."). Although the timing of such is not set forth in the rules, the defendant has offered no legal justification or good cause for delay. In fact, the only basis that the defense provides in support of the request to delay entry of judgment is that, if the Court were to enter judgment in this case, the defendant would suffer some unspecified societal harm resulting from the entry of his criminal conviction and sentencing. The defendant hopes to avoid that harm by receiving a presidential pardon from a future executive. But the defendant's personal motivation to avoid public disclosure of his judgment of conviction is no reason to delay entry of judgment and deviate from the regular order of criminal procedure. And, even if the defendant were to receive a pardon at some unspecified date in the future, that pardon would still not unring the bell of his conviction. In fact, quite the opposite. The defendant would first have to *accept* the pardon, which necessitates a confession of guilt. *See Burdick v. United States*, 236 U.S. 79, 94, (1915) ("[A pardon] carries an imputation of guilt; acceptance a confession of it."). And a pardon

"does not erase a judgment of conviction, or its underlying legal and factual findings." *See United States v. Crowell*, 374 F.3d 790, 704 (9th Cir. 2004); *see also In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) (noting that "a pardon does not blot out guilt or expunge a judgment of conviction"); *United States v. Noonan*, 906 F.2d 952, 955 (3d Cir. 1990) ("The power to pardon is an executive prerogative of mercy, not of judicial recordkeeping."). Therefore, a delayed entry of judgment would not achieve the defendant's desired effect. *See, e.g.*, *In re North*, 62 F.3d 1434, 1436-37 (D.C. Cir. 1994) (explaining pardons have no expunging effects); *United States v. Noonan*, 906 F.2d 952, 958-59 (3d Cir. 1990) (same); *Bjerkan v. United States*, 529 F.2d 125, 128 n.2 (7th Cir. 1975) (same); *see also* 67A C.J.S. Pardon & Parole § 33 ("[A pardon] does not revise the historical facts[, it] rather merely eliminates certain future punishments that might otherwise be imposed on the pardoned individual as a result of those facts [and . . .] removes all that is left of the consequences of conviction.").[1]

The ministerial act of entering judgment should not elevate form over function. The defendant has pled guilty and been sentenced; the entry of judgment is effectively complete. *See United States v. Evans*, 92 F.3d 540, 544 (7th Cir. 1996) ("The term 'sentencing' in legal as in ordinary language refers to the pronouncing of sentence by the judge in open court, rather than to the subsequent recording of the sentence on a docket sheet."); *see also Downs v. United States*, 879 F.3d 688, 690 (6th Cir. 2018). Thus, Court should enter judgment accordingly. *See also Strunk v. United States*, 412 U.S. 434, 439 n.2, 93 S. Ct. 2260, 2263 (1973) ("It can also be said that an

---

[1] Importantly, the pardon "does not make amends for the past." *Knote v. United States*, 95 U.S. 149, 153 (1877). "It gives no compensation for what has been suffered." *In re North*, 62 F.3d at 1436; *see also id*. [I don't understand this pincite] ("The offence being established by judicial proceedings, that which has been done or suffered while they were in force is presumed to have been rightfully done and justly suffered, and no satisfaction for it can be required.") (quoting *Knote*, 95 U.S. at 154).

accused released pending trial often has little or no interest in being tried quickly; but this, standing alone, does not alter the prosecutor's obligation to see to it that the case is brought on for trial. The desires or convenience of individuals cannot be controlling. The public interest in a broad sense, as well as the constitutional guarantee, commands prompt disposition of criminal charges.").

Ultimately, whether any defendant receives a pardon is outside the traditional operation of the Department or the Court. Indeed, it is neither a court's role or function to speculate about any president's pardon decisions, nor is it appropriate to halt the normal functioning of criminal procedure based solely on that speculation. *See United States v. Connell, et al.*, 21-cr-84 (PLF), ECF 157 ("Whatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution."); *United States v. Lichnowski*, 23-cr-341 (RBW), ECF 73 (denying defendant's motion to continue her sentencing until after President-elect Trump's inauguration because "the potential future exercise of the discretionary pardon power, an Executive Branch authority, is irrelevant to the Court's obligation to carry out the legal responsibilities of the Judicial Branch"); *United States v. Grillo,* 21-cr-690 (RCL), ECF 145 at 2 (Courts "do not shirk from [their constitutional duties] or indefinitely delay proceedings because of a lurking possibility of a presidential pardon after the conclusion of judicial proceedings.") And it goes without saying that a defendant's preference not to have judgment entered for that specific purpose cannot serve as a good basis to delay that entry of the judgment.

In sum, the defendant should not be spared from the normal course of criminal procedure based on his speculative hopes and desires that he may later benefit from a future reprieve and the Court should promptly enter judgment.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   *s/ Sean P. McCauley*
        SEAN P. McCAULEY
        Assistant United States Attorney
        New York Bar No. 5600523
        United States Attorney's Office
        For the District of Columbia
        601 D Street, NW
        Washington, DC 20530
        Sean.McCauley@usdoj.gov